| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 9:16-CR-8(6) |
| § | |
| JASON MARQUETTE SMITH § | |

### MEMORANDUM AND ORDER

Pending before the court is Defendant Jason Marquette Smith's ("Smith") *Pro Se* Motion for Early Termination of Supervised Release (#290), wherein Smith seeks early termination of his five-year term of supervised release. Smith's United States Probation and Pretrial Services ("Probation") Officer in the Eastern District of Texas prepared a report for the court's consideration. Probation has no objection to his request for early termination of his supervised release, but the Government is opposed. Having considered the motion, Probation's report, the Government's position, the record, and the applicable law, the court is of the opinion that Smith's motion should be denied.

I.  Background

On March 16, 2016, a federal grand jury in the Eastern District of Texas, Lufkin Division, returned a three-count Indictment against Smith and six co-defendants, charging him in Count One with Conspiracy to Distribute and to Possess with Intent to Distribute a Schedule II Controlled Substance, namely, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. He was not named in the other counts of the Indictment. Smith pleaded guilty to the offense charged in Count One of the Indictment on October 31, 2016, pursuant to a binding plea agreement. On April 12, 2017, United States District Judge Thad Heartfield sentenced Smith to a term of 121 months'

imprisonment, followed by a five-year term of supervised release. Smith began his term of supervised release in the Western District of Louisiana, Alexandria Division, on January 24, 2023, which is projected to expire on January 23, 2028.

In his motion, Smith, age 43, asks the court to terminate his supervision at this time, having served just over half of his five-year term of supervised release. He asserts that he has strictly complied with all the requirements of supervision set by the court. He elaborates that he has had "zero violations, attended all check-ins, passed every drug test, and paid every fee/fine in a timely manner." Smith claims that he has maintained stable employment as an over-the-road truck driver, utilizing his CDL that he obtained prior to his release. He states that he has been employed by Anthem Transport LLC since January 6, 2025, where he has received positive reviews, has been promoted to a salaried employee, and is out on the road 3 to 4 weeks at a time. Smith asserts that he has built a responsible lifestyle and is currently planning and saving to purchase his own truck and trailer to start his own personal LLC. He adds that he has the full support of his family, his fiancee, and his employer "to leave [his] past behind."

Probation confirms that Smith has complied with all conditions of supervision, noting that according to his supervising officer, he has been highly motivated and determined to be successful. Probation reports that he completed the Residential Drug Abuse Program while in custody and has maintained his sobriety while on supervised release, adding that a recent criminal records check revealed no new arrests or pending criminal activity. Probation further indicates that Smith is considered a low-moderate risk for recidivism after being assessed using the Post-Conviction Risk Assessment Tool developed by the Administrative Office of the United States Courts.

II.     Analysis

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering certain of the factors set forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir. 2021); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018).  "Early termination of supervised release is not an entitlement." *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021).  Instead, the defendant bears the burden of demonstrating that early termination is warranted.  *Id.*; *United States v. Luna*, No. 1:95-cr-05036-AWI, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), *aff'd*, 747 F. App'x 561 (9th Cir. 2018).  Early termination "is not warranted as a matter of course." *United States v. Morris*, No. 3:99-cr-264-17 (VAB), 2022 WL 3703201, at *3 (D. Conn. Aug. 26, 2022).  "To the contrary, it is only 'occasionally' justified." *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).  In fact, in *United States*

---

[1] These factors include:  the nature and circumstances of the offense and the defendant's history and characteristics; the need to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).

*v. Bowe*, the United States Court of Appeals for the Fourth Circuit stated that "Congress has manifested an intent to require full service of supervised release for rehabilitative purposes." 309 F.3d 234, 240 (4th Cir. 2002) (citing *Johnson*, 529 U.S. at 53).

Although Probation does not oppose early termination, this fact, standing alone, is insufficient to justify granting Smith's request for early termination. *See*, *e.g.*, *United States v. Boyd*, 606 F. App'x 953, 960 (11th Cir. 2015) ("Just as a federal prosecutor or probation officer cannot dictate a district court's sentence, they likewise do not call the shots concerning a court's decision whether to terminate early a term of supervised release. A criminal sentence is the court's sentence, not the prosecutor's and not the probation officer's."); *United States v. Lynn*, No. S90-00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022) (finding that although the Government and Probation did not oppose early termination, that fact, standing alone, was insufficient to justify granting the defendant's request for early termination of supervised release); *United States v. Hartman*, No. 3:00-cr-228-B(01), 2013 WL 524257, at *1 (N.D. Tex. Jan. 18, 2013) (denying defendant's request for early termination of supervised release despite the Government's recommendation that it be granted), *adopted by* 2013 WL 540490 (N.D. Tex. Feb. 13, 2013); *United States v. Grimaldi*, 482 F. Supp. 2d 248, 249 (D. Conn. 2007) (denying early termination even though the defendant's probation officer supported it.

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination. *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *Lynn*, 2022 WL 2446328, at *3; *see Melvin*, 978 F.3d at 52. Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required. *United*

*States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination."); *United States v. Seymore*, No. CR 07-358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023) ("[C]ourts have generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination . . . ." (quoting *United States v. Smith*, No. 10-cr-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014))); *Lynn*, 2022 WL 2446328, at *4 (although the defendant adhered to the conditions of his release, a balancing of the 18 U.S.C. § 3553(a) factors did not support early termination, noting that the defendant "engaged in constant serious criminal behavior when he was given chances before"); *United States v. Sandles*, No. 11-CR-204-PP, 2021 WL 3080995, at *3 (E.D. Wis. July 21, 2021) ("[C]ourts have held 'that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination.'" (quoting *United States v. O'Hara*, No. 00-cr-170, 2011 WL 4356322, *3 (E.D. Wis. Sept. 16, 2011))); *United States v. Boudreaux*, No. 2:19-CR-00377-01, 2020 WL 7635708, at *1 (W.D. La. Dec. 22, 2020); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (finding that the conduct of the defendant did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others) (citing 18 U.S.C. § 3583(e)(1)); *see United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and paying restitution, however, is required behavior while serving a term of supervised release."). As courts have observed, "if every defendant who complied with the terms of

supervised release were entitled to early termination, 'the exception would swallow the rule.'" *United States v. Kassim*, No. 15 Cr. 554-3 (KPF), 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020) (citing *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).

While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1). *United States v. Ferriero*, No. 13-0592 (ES), 2020 WL 6701469, at *2 (D.N.J. Nov. 13, 2020) (citing *Melvin*, 978 F.3d at 53); *accord United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). This is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, pursuant to 18 U.S.C. § 3553(a), it would be expected that something has changed that would justify an early end to a term of supervised release. *Melvin*, 978 F.3d at 53; *United States v. Jackson*, No. 11-55, 2022 WL 2789870, at *2 (W.D. Pa. July 15, 2022); *United States v. Santoro*, No. 21-76 (MAS), 2022 WL 37471, at *2 (D.N.J. Jan. 4, 2022); *Ferriero*, 2020 WL 6701469, at *2. In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such a termination. *Melvin*, 978 F.3d at 53; *United States v. McClamma*, 676 F. App'x 944, 947 (11th Cir. 2017) ("New or unforeseen circumstances can justify a modification, but such circumstances are not necessary."); *Parisi*, 821 F.3d at 347 (recognizing that "changed circumstances may in some instances justify a modification" of a term of supervision). Nonetheless, "'generally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F. App'x at 89); *United States v. Baptiste*, No. 98-207, 2025 WL 871520, at *1 (E.D. La. Mar. 20, 2025) (noting that

early termination is generally warranted "only in cases where the defendant shows changed circumstances, such as exceptionally good behavior" (quoting *United States v. Jones*, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013)); *Smith*, No. 2014 WL 68796, at *1.

According to Smith's Presentence Report ("PSR"), prepared on March 23, 2017, his offense of conviction entails his participation in a conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine. In 2013, agents of the Drug Enforcement Administration began investigating a drug trafficking organization ("DTO") headed by Co-defendant Cesar Hernandez ("Hernandez") headquartered in Diboll, Texas, that was involved in the distribution of kilogram quantities of cocaine to Lufkin, Texas, Shreveport and Alexandria, Louisiana, and Pine Bluff, Arkansas. Hernandez and other members of the conspiracy went to Mexico, South Texas, and Louisiana to facilitate the transportation and delivery of drug proceeds. Hernandez and his couriers delivered cocaine to Smith, who was a cocaine distributor in Alexandria, Louisiana, during the course of the conspiracy, beginning in 2013. Smith would contact Hernandez via telephone to coordinate the deliveries of cocaine. The DTO initially provided Smith ounce-size quantities of cocaine but later moved up to supplying kilogram quantities of cocaine. Hernandez or his couriers would bring the cocaine to Smith from Lufkin about every 10 days during the time of their dealings. After Hernandez moved to Eagle Pass, Texas, in late 2013, a codefendant continued to transport cocaine to Smith in Alexandria at Hernandez's direction. The codefendant would meet Smith at a motel on Interstate 49 to deliver cocaine to him. Later, the payment from Smith for the cocaine would be transferred to Hernandez. Overall, Smith was found responsible for the distribution of between 15 and 50 kilograms of cocaine.

Smith's PSR reveals that he was previously convicted of possession of a controlled substance (cocaine) in state court in Corpus Christi, Texas, in 2003 and was sentenced to 5 years' imprisonment. In 2007, Smith was again convicted of possession of a controlled substance (cocaine) in state court in Houston, Texas, for which he was sentenced to 12 years' confinement. He was released on parole in 2010 and was still on parole at the time he committed his offense of conviction. Smith also had pending charges for Schedule III Prohibited Acts (possession of hydrocodone) and illegal carrying of a weapon in Alexandria, Louisiana, at the time of sentencing—the disposition of those charges is unknown.

Furthermore, Smith has a long history of poly-substance abuse beginning at age 14, which includes the daily use of marijuana, cocaine, Percocet, methadone, and oxycodone, as well as the frequent use of heroin and Ecstasy. Smith also told Probation that he has experienced issues with gambling and that he routinely used Ecstasy while gambling. Smith stated that he gambled professionally for 6 years at casinos where he played blackjack, roulette, and poker.

In this situation, the court finds that Smith's post-release conduct does not warrant early termination of his supervised release. Although Smith appears to have fully complied with his conditions of release to date, he identifies no new or exceptional circumstances or needs. Smith does not claim that the conditions of his supervised release limit his employment opportunities. He states that he has maintained stable employment as an over-the-road truck driver and has been working for his current employer, Anthem Transport LLC, based in Richmond, Texas, which is in the Southern District of Texas, since January of this year. The Probation Offices in both Alexandria, Louisiana, and Lufkin, Texas, appear to have permitted him to maintain that position and allow him to travel outside the districts as required for his job, spending 3 to 4 weeks on the

road at a time. There is seemingly no reason to change this arrangement, and, hence, no need to terminate his supervised release early to accommodate his employment.

Here, Smith presents no new or exceptional circumstances or needs that would merit early release from supervision. He fails to explain how the conditions of his supervised release limit his employment opportunities, interfere with his family responsibilities, or otherwise impact his daily life in a significant manner. Smith does not clarify how being on supervised release keeps him from furthering his career, achieving additional goals, assisting his family, or engaging in sports, religious, or volunteer activities. Under the circumstances, the court finds the current conditions of Smith's supervised release are not onerous and remain appropriate in view of his offense of conviction involving his serving as a distributor of multi-kilogram quantities of cocaine for a drug-trafficking conspiracy, his prior drug offenses, and his failure to comply with a previous term of parole, as well as his long history of poly-substance abuse.

At this time, Smith has served just over half of his five-year term of supervised release. While Smith's achievements to date should be commended, continuing him on supervision will provide him the best opportunity for success in reentry in view of his prior involvement in crimes involving the possession and distribution of significant quantities of cocaine. Requiring Smith to complete his entire, five-year term of supervised release safeguards against the reoccurrence of criminal activity and drug use, while imposing only a minimal burden on Smith. Generally, early termination of supervised release is not granted unless there are significant medical concerns, substantial limitations on employment, or extraordinary post-release accomplishments that would warrant such a release. Smith does not identify any such circumstances in his motion and is instead seeking early termination of his supervision simply for complying with the conditions

9

imposed by the court. Thus, although Smith appears to be on the right path, the court believes that completion of his full term of supervised release appropriately reflects the seriousness of his offense of conviction, deters future criminal conduct, and provides needed structure for his continued rehabilitation. *See Lynn*, 2022 WL 2446328, at *4. The court, likewise, is of the opinion that Smith's current sentence, including the five-year term of supervised release, was appropriate at the time of sentencing and remains so. *See United States v. Lewis*, No. 17-CR-28-FPG, 2021 WL 4519795, at *3 (W.D.N.Y. Oct. 4, 2021).

The court therefore finds that the early termination of Smith's five-year term of supervised release would not be in the interest of justice.

III.   Conclusion

In accordance with the foregoing, Smith's *Pro Se* Motion for Early Termination of Supervised Release (#290) is DENIED.

SIGNED at Beaumont, Texas, this 11th day of August, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE